IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-01880-RPM

JAMES GONOS,

      Plaintiff,

v.

UNITED STATES OF AMERICA;
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT;
ELIST REALTY, LLC;
STACY HAYDEN;
MASTERS REALTY, LLC, d/b/a KELLER WILLIAMS AND KELLER WILLIAMS REALTY
    DTC LLC;
THE HOMESMITHS TEAM, INC. d/b/a THE HOMESMITHS;
PHIL PHISTRY;
ASSET MANAGEMENT SPECIALISTS, INC.;
MATT MARTIN REAL ESTATE MANAGEMENT, LLC; and
AND JOHN DOE (whose true name is unknown),

      Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff James Gonos ("Gonos" or "the Plaintiff") alleges that he was injured on July 17,

2011, when he fell down a flight of stairs in a home located at 2372 South Troy Street, Aurora,

Colorado ("the property"). The property was at that time owned by the United States

Department of Housing and Urban Development ("HUD"). As discussed more fully below,

during the relevant time period, Asset Management Specialist, Inc. ("AMS"), a Pennsylvania

corporation, provided property maintenance and preservation services for HUD pursuant to a

written contract that encompassed the subject property. In addition, Matt Martin Real Estate

Management, LLC ("Matt Martin"), a Virginia corporation, provided asset management services for HUD pursuant to a written contract that encompassed the subject property.

The property was listed for sale by eList Realty, LLC, a Colorado limited liability company, and its agent, Stacy Hayden.  The Plaintiff visited the property on July 17, 2011 for the purpose of accompanying a  relative who was interested in assessing the property for potential purchase.  The complaint alleges that the "showing agents" were Phil Phistry, Masters Realty, LLC (d/b/a Keller Williams and Keller Williams Realty DTC LLC) and The Homesmiths Team, Inc. (d/b/a The Homesmiths).

During the showing, the Plaintiff reached into what he believed was a pantry and fell down a set of stairs.  The Plaintiff alleges that the stairway was dark and dangerous due to poor natural and artificial lighting and because the power was turned off or not working properly. The Plaintiff alleges that the was not warned about the dark stairway and flashlights were not provided.

On July 15, 2013, the Plaintiff filed this action for damages, asserting a claim under the Colorado Premises Liability Act, C.R.S. § 13-21-115, and a claim of negligence against the following defendants:  the United States of America ("USA"); HUD and its Secretary; eList Realty, LLC; Stacy Hayden; Masters Realty, LLC d/b/a Keller Williams and Keller Williams Realty DTC LLC; the Homesmiths Team, Inc. d/b/a The Homesmiths; Phistry; AMS; Matt Martin, and unknown John Doe defendants.

The complaint alleges federal jurisdiction on the basis of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), and 28 U.S.C. § 1346(b).

The USA, HUD and the Secretary (collectively, "the USA") moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(1), arguing that HUD hired AMS and Matt Martin as independent contractors and therefor the independent contractor exception to the FTCA's waiver of sovereign immunity deprives this Court of jurisdiction over tort claims against the USA arising out of the condition of the property.

The FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances ...."  28 U.S.C. § 2674.  However, in the FTCA, contractors are excluded from the definition of "federal agency," *see* 28 U.S.C. § 2671, and in 28 U.S.C. § 1346(b), the term "employee of the government" does not include any contractor with the United States.  The FTCA's waiver of sovereign immunity does not authorize suits against the United States based on vicarious liability for the acts of independent contractors or their employees.  *Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996).

"The critical determination in distinguishing a federal employee from an independent contractor is the power of the federal government 'to control the detailed physical performance of the contractor.'" *Lilly v. Fieldstone*, 876 F.2d 857, 858 (10th Cir.1989) (quoting *Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973)).  The key inquiry is whether the Government supervises the day-to-day operations of the individual or entity. *Lilly*, 876 F.2d at 858.  In this circuit, that inquiry involves consideration of the following factors:

> (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses his own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others.

*Tsosie v. United States,* 452 F.3d 1161, 1163-64 (10th Cir. 2006) (quoting *Lilly,* 876 F.2d at 859).

The USA has provided an affidavit of Eric R. Cobb, the Director of the Real Estate Owned Division ("REO") of HUD's Denver Homeownership Center.  Cobb states that in June 2010, HUD entered into a written contract with AMS to be the Field Service Manager for REO single-family properties located within the jurisdiction of the Denver Homeownership Center.  (Cobb. aff. ¶¶ 12 & 15).  Cobb also states that in June 2010, HUD entered into a written contract with Matt Martin to be the Asset Manager for REO single-family properties located within the Denver area.  (Cobb aff. ¶¶ 12 & 16).  Cobb states that HUD acquired the subject property on June 23, 2011, as a result of the mortgagor's default on a HUD-insured mortgage, and thereafter the management, marketing, and disposition of this property were governed by the terms and conditions of the contract between HUD and AMS and the contract between HUD and Matt Martin.  (*Id.* ¶¶ 20-22).  The two written contracts are attached as exhibits A and B to Cobb's affidavit.

Under the AMS contract, that entity had responsibility for property maintenance and preservation services, including day-to-day maintenance matters.  Cobb states that AMS had the authority to address health and safety issues and engage in day-to-day operations without HUD's supervision or approval.  (Cobb. aff. ¶ 23).

Under the Matt Martin contract, HUD delegated responsibility for all  marketing and sales functions to that entity.  Cobb states that Matt Martin had authority to utilize the services of real estate professionals, without HUD's supervision or approval. (Cobb aff. ¶ 25).

The contracts and Cobb's description of HUD's relationship with AMS and Matt Martin demonstrate that HUD hired AMS and Matt Martin as independent contractors.  That intent is implicit in the scope of the duties and authority delegated by HUD to the contractors.

With respect to other *Lilly* factors, both contracts address equipment costs and generally place responsibility for such costs on the contractor.  Specific "pass-through expenses" are identified as such.  Both contracts obligate the contractor to furnish a performance bond and a payment bond.  Both contracts contain an explicit prohibition against the use of government employees.  Both contracts permit subcontracting.

Contrary to the Plaintiff's argument, the contract language does not show HUD's supervision of day-to-day operations of AMS or Matt Martin.  The fact that Field Managers and Asset Managers must abide by the terms of their contracts and meet certain general or regulatory criteria does not mean that HUD supervises their day-to-day operations.

The Plaintiff argues that the independent contractor exception should not apply because under Colorado law, an owner of real property has a nondelegable duty to maintain the property.  That argument fails.  "[T]he concept of nondelegable duty is a species of vicarious liability." *Reid v. Berkowitz,* 315 P.3d 185,193 (Colo. Ct. App. 2013).  State common law principles of vicarious liability do not override the FTCA's independent contractor exemption.  *Logue*, 412 U.S. at 528-29; *Flynn v. United States,* 631 F.2d 678, 681 (10th Cir. 1980); *see also Roditis v. United States*, 122 F.3d 108, 111 (2d Cir. 1997)("[A]ny state law nondelegable duty cannot, on

its own, override the United States' sovereign immunity from suits for injuries caused by its

independent contractors.")

The FTCA's independent contractor exception does not shield the USA from liability for

the negligence of its own employees, *see Logue*, 413 U.S. at 532-33, but no such negligence has

been alleged or shown.  The Plaintiff offers an Inspection Report dated July 7, 2011.  That report

is not evidence of negligence on the part any employee of the USA.  The Inspection Report was

prepared by Stacy Hayden, and she is not a federal employee.  The USA had no direct

contractual relationship with her employer.

Because the USA has not waived its sovereign immunity this court lacks jurisdiction

under the FTCA and 28 U.S.C. § 1346(b).  In the absence of such jurisdiction, the court declines

to continue supplemental jurisdiction over the plaintiff's claims against the remaining defendants

and thus does not address the Showing Agent Defendants' motion to dismiss pursuant to

Fed.R.Civ.P. 12(b)(6).

Based on the foregoing, it is

ORDERED that the Defendant USA's motion to dismiss [#40] is granted and this action

is dismissed without prejudice for lack of subject matter jurisdiction.

Date:  February 24, 2014

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge